IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PASCUAL J. DEPENA-RONDON, : | |
|     Petitioner, : | |
| : | |
| VS. : | 3:CV-08-00715 |
| : | (JUDGE VANASKIE) |
| : | |
| JOHN THOMAS, et al., : | |
|     Respondents : | |
| : | |

## MEMORANDUM AND ORDER

On August 15, 2007, Petitioner Pascual DePena-Rondon filed this Habeas Corpus action pursuant to 28 U.S.C. § 2254. In his petition, Mr. DePena-Rondon, currently incarcerated at State Correctional Institution - Chester, complains of ineffective assistance of counsel in inducing him to plead guilty and an illegal sentence. (Petition, Dkt. Entry 1, at 9.) His petition further states that he has filed two Motions for Post Conviction Relief in the Court of Common Pleas of York County, and appealed the denial of his second Motion for Post Conviction Relief to the Pennsylvania Superior Court and Pennsylvania Supreme Court. (Id. at 5-7.)

On March 5, 2008, Petitioner filed a Motion to Appoint Counsel. (Dkt. Entry 8.) In his motion, Petitioner states that he is unable to afford counsel because he has no money and does not own any real estate. (Id. at 1.) Along with his Motion to Appoint Counsel, Petitioner

filed a Motion for Leave to Proceed in forma pauperis.[1]  (Dkt. Entry 9.)

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings.  See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  See Rule 8(c) of the Rules Governing Section 2255 Cases.  Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2).

As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  If a claimant overcomes this threshold hurdle, other factors to consider include:  (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  Id. at 155-57.  The appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to

---

[1] By Order dated July 18, 2008, the Court granted Petitioner's Motion for Leave to Proceed in forma pauperis.  (Dkt. Entry 10.)

him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).  The Third Circuit has cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a "precious commodity" and should not be wasted on frivolous cases.  Parham v. Johnson, 126 F. 3d 454, 458 (3d Cir. 1997).

In this case, it appears that Petitioner's claims of ineffective assistance of counsel and an illegal sentence are not frivolous, and may, or may not, have merit.  Thus, Petitioner has made the required threshold showing of arguable merit in fact and law.

Next, in considering the Tabron factors, the Court finds that Petitioner has not made a sufficient showing of need for counsel at this time and that an evidentiary hearing is not required.  Petitioner's claims are not complex and no expert testimony will be necessary.  Moreover, the record provided by Respondents should provide the Court with the information necessary to resolve the case.

It is also apparent from Petitioner's motions and letters in this case, and his previous Post Conviction Relief appeals, that he is capable of reading and writing, sufficiently understands the issues, and can present his contentions in a coherent manner.  In fact, Petitioner has not alleged any disability that would impede his ability to put on his case.  Therefore, appointment of counsel unwarranted at this time.  See Austin v. Ricci, Civil Action

No. 07-4428, 2008 WL 4308259, at *2 (D.N.J. Sept. 17, 2008) (denying a motion to appoint counsel for similar reasons).

  ACCORDINGLY, IT IS HEREBY ORDERED THAT Petitioner's Motion to Appoint Counsel (Dkt. Entry 8) is DENIED, WITHOUT PREJUDICE.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge