# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PASCUAL J. DEPENA-RONDON**, | : | **CIVIL ACTION NO. 3:08-CV-0715** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JOHN THOMAS, MR. SUPERINTENDENT**, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Pascual J. DePena-Rondon ("petitioner"), a state inmate presently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on August 15, 2007, in the United States District Court for the Eastern District of Pennsylvania, attacking a conviction imposed by the Court of Common Pleas of York County, Pennsylvania. (Doc. 1.) The matter was transferred from the Eastern District pursuant to 2244(d) the Middle District of Pennsylvania on November 26, 2007 (Doc. 5), but was not received in the Middle District until April 16, 2008. The recent transfer of this case to the undersigned from the docket of another judge prompted thorough review of the case. Examination of all pertinent documents reveals that, although the Commonwealth raised no statute of limitations objection (Doc. 16, at 3, ¶ 14), the petition may be barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district

courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond).

A district court's ability to raise the statute of limitations *sua sponte* after the Rule 4 preliminary review period has passed, and where the government either waived or conceded the limitations defense, as is the case here, has been defined as follows:

> [A]s for the AEDPA limitations provision, the government can claim no monopoly on its use. To conclude otherwise asks too much of waiver which occurs only upon the " 'intentional relinquishment or abandonment of a known right.' " United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). Unlike ordinary civil litigation, the practical reality of habeas is that the government may lack, for long periods of time, the file documents necessary to knowledgeably analyze timeliness. . . . Indeed, the Supreme Court has explained:
>
>> [D]istrict judges often will not be able to make [AEDPA limitations] calculations based solely on the face of habeas petitions. . . . [As] [s]uch calculations depend on information contained in documents that do not necessarily accompany the petitions.
>
> Pliler v. Ford, 542 U.S. 225, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004) (citation omitted). The result is that, all too often, habeas respondents and courts may "err in their calculation. . . ." Id. at 2447. Even when the record papers are obtained, it can be difficult to decipher what a pro se movant has done, meaning many "waivers" will not actually been "the result of a purposeful of deliberate decision to forego the defense." Scott, 286 F.3d at 931 (Stafford, J., dissenting). For these reasons and others, Long [v. Wilson, 393 F.3d 390 (3d Cir. 2004)] correctly instructs that the analysis in the first instance turns not on waiver, but rather on whether courts have the inherent power to protect themselves from habeas abuse, post-answer, consistent with Congress' intent, and whether, where a court exercises that power, the habeas movant is prejudiced.

2

Bendolph, 409 F.3d at 168. Even if actions of the government constituted waiver, "that waiver could not have limited the court's exercise of its power [to raise the statute of limitations *sua sponte*]." Bendolph, 409 F.3d at 168. However, when raising the issue at a later juncture, the "ultimate issue" of prejudice to petitioner must be considered. Bendolph, 409 F.3d at 168.

The first factor to be considered is how late in the case the limitations issue is raised. Id. In the approximately thirty-four months that have passed since the inception of this action, the following has occurred: the United States District Court for the Eastern District of Pennsylvania entered an order transferring the matter to this court on November 26, 2007, the matter was electronically received in this court on April 16, 2008, petitioner filed motions to appoint counsel (Doc. 8) and for leave to proceed in forma pauperis (Doc. 9), an order was entered on July 18, 2008, granting the motion to proceed in forma pauperis and serving the petition and motion for appointment of counsel on respondents (Doc. 10), a response was filed on August 7, 2008 (Doc. 16), petitioner filed a reply on August 22, 2008 (Doc. 17), on October 7, 2008, petitioner's motion for appointment of counsel was denied (Doc. 20) and, on October 22, 2008, petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit seeking review of the denial of appointment of counsel (Docs. 21, 22). Although the United States Court of Appeals for the Third Circuit denied the appeal on April 16, 2009, the certified order in lieu of a formal Mandate was not entered in this court until June 10, 2010 (Doc. 28). There is no evidence that petitioner commenced "costly or time-consuming discovery, suffered

a loss or a diminution of his ability to prepare his case, or lost another litigation opportunity elsewhere." Bendolph, 409 F.3d at 169. Based upon this procedural history, the court concludes that raising the issue of timeliness at this stage in the proceeding is not prejudicial to petitioner.

The second factor requires the court to afford petitioner "sufficient opportunity to respond to the issue, once raised." Bendolph, 409 F.3d at 169. On May 25, 2004, following the entry of a plea of guilty to charges of delivery of heroin, criminal conspiracy to deliver heroin, and possession with the intent to deliver heroin, petitioner was sentenced by the Court of Common Pleas of York County, pursuant to a negotiated plea agreement, to three concurrent terms of imprisonment of five to ten years. (Doc. 15, at 42-45.) No direct appeal was taken. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). His conviction therefore became final thirty days later, and the one-year AEDPA statute of limitations commenced.

On November 3, 2004, after the passage of 131 days, he filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. §§ 9541-46. (Id. at 46-54.) Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A hearing was held the following month and, on

4

January 21, 2005, the petition was denied. (Doc. 15, at 97-100; Doc. 15-2, at 1-5.) A timely appeal to the Superior Court of Pennsylvania was taken. However, on June 27, 2005, he moved to voluntarily withdraw his appeal. (Id. at 6.) On July 1, 2005, the superior court issued a "Notice of Discontinuance." (Id. at 8.) At this point, the remaining 234 days of the AEDPA statute of limitations began to run.

He filed a second PCRA on July 13, 2005. (Doc. 15-2, at 9-23.) The court of common pleas concluded that a timely petition had to be filed on or before June 25, 2005. (Doc. 15-2, at 47.) Because the second petition was not filed until July 13, 2005, the court dismissed it as untimely under 42 PA. CONS. STAT. ANN. § 9545(b)(1). (Id.) This conclusion was affirmed on appeal. (Doc. 15-2, at 83-90.) This second PCRA action did not extend the time for seeking federal habeas corpus relief because it was rejected by the state courts as untimely and, as such, is not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

Therefore, when the AEDPA one-year statute began running again on July 1, 2005, the date on which his motion to voluntarily dismiss his first PCRA petition was granted, it continued to run until it expired on or about February 10, 2006. He did not file his federal petition until August 15, 2007. Consequently, it appears that

the petition is untimely.  The parties will be afforded sufficient opportunity to address the timeliness of the petition.

The final factor is whether the government acted in bad faith.  There is no indication, at least at this juncture, that the government acted in bad faith with respect to the limitations issue.

An appropriate order follows.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        June 15, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PASCUAL J. DEPENA-RONDON,** | : | **CIVIL ACTION NO. 3:08-CV-0715** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN THOMAS, MR. SUPERINTENDENT**, et al., | : | |
| **Respondents** | : | |

# **O R D E R**

AND NOW, this 15th day of June, 2010, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Respondent shall file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations, on or before June 29, 2010.

2. Petitioner may file a reply on or before July 13, 2010.


                                           S/ Christopher C. Conner
                                           CHRISTOPHER C. CONNER
                                           United States District Judge