# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PASCUAL J. DEPENA-RONDON**, | : | CIVIL ACTION NO. 3:08-CV-715 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **JOHN THOMAS, MR. SUPERINTENDENT**, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner Pascual J. DePena-Rondon ("petitioner"), a state inmate formerly incarcerated at the State Correctional Institution at Camp Hill (SCI Camp Hill), Pennsylvania, initiated this action pursuant to 28 U.S.C. § 2254, on August 15, 2007, in the United States District Court for the Eastern District of Pennsylvania, attacking a conviction imposed by the Court of Common Pleas of York County, Pennsylvania. (Doc. 1.) The matter was transferred from the Eastern District pursuant to 2244(d) to the Middle District of Pennsylvania on November 26, 2007 (Doc. 5), but was not received in the Middle District until April 16, 2008. The recent transfer of this case to the undersigned from the docket of another judge prompted thorough review of the case. Examination of all pertinent documents revealed that, although the Commonwealth raised no statute of limitations objection (Doc. 16, at 3, ¶ 14), the petition was barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district

courts may *sua sponte* raise AEDPA's one year statute of limitations, provided that the petitioner is provided with notice and an opportunity to respond). On June 15, 2010, the parties were notified that the petition appeared to be untimely and respondent was directed to file a response concerning the timeliness of the petition and any applicable statutory and/or equitable tolling of the AEDPA statute of limitations and petitioner was afforded the opportunity to file a reply.[1] On June 18, 2010, respondent moved to dismiss the petition as untimely. (Doc. 33). On June 28, 2010, respondent moved to dismiss the petition as moot based upon the fact that petitioner was no longer in custody on the state court conviction that he was challenging. (Doc. 36.) For the reasons set forth below, respondent's motion to dismiss the petition as moot will be granted.

Because the case or controversy clause of Article III Section 2 of the Constitution limits the jurisdiction of this court to remedying injuries that can be redressed with a favorable judicial decision, see Spencer v. Kemna, 523 U.S. 1, 7, (1998), petitioner's release from prison moots his petition unless he has some actual injury from the collateral consequences of his conviction. See Carafas v. LaVallee, 391 U.S. 234, 237 (1968); Lane v. Williams, 455 U.S. 624, 632 (1982) (collateral consequences must be legal injuries). The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if

---

[1] All orders recently mailed to petitioner have been returned as "Refused. Not housed here." See docket entries 31, 34, and 35.

the conviction is allowed to stand, such as the loss of the right to vote, or to serve as a juror. See Carafas 391 U.S. 234 (1968). It is petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002).

According to officials at SCI Camp Hill, Depena-Rondon's state sentence was satisfied on April 21, 2009, and he was released to the custody of the Bureau of Immigration and Customs Enforcement (ICE). (Doc. 36-2, at 2.) On June 10, 2009, petitioner was removed from the country by ICE through San Antonio, Texas to the Dominican Republic. (Id. at 1.) It is clear that petitioner has fully satisfied the state court sentence he was challenging and was released from state custody. There appear to be no other criminal sentences the length of which would be affected by petitioner's fully served sentence, or any other relevant collateral consequences, as he has been removed from the United States. Consequently, respondent's motion to dismiss the petition as moot will be granted.[2]

---

[2]It is noted that if it were determined that the petition was not moot, it would still be subject to dismissal as it was untimely filed. Specifically, on May 25, 2004, following the entry of a plea of guilty to charges of delivery of heroin, criminal conspiracy to deliver heroin, and possession with the intent to deliver heroin, petitioner was sentenced by the Court of Common Pleas of York County, pursuant to a negotiated plea agreement, to three concurrent terms of imprisonment of five to ten years. (Doc. 15, at 42-45.) No direct appeal was taken. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). His conviction therefore became final thirty days later, and the one-year AEDPA statute of limitations commenced.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: June 29, 2010

---

On November 3, 2004, after the passage of 131 days, he filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. §§ 9541-46. (Id. at 46-54.) Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." A hearing was held the following month and, on January 21, 2005, the petition was denied. (Doc. 15, at 97-100; Doc. 15-2, at 1-5.) A timely appeal to the Superior Court of Pennsylvania was taken. However, on June 27, 2005, he moved to voluntarily withdraw his appeal. (Id. at 6.) On July 1, 2005, the superior court issued a "Notice of Discontinuance." (Id. at 8.) At this point, the AEDPA statute of limitations, of which remained approximately 234 days, began running again.

He filed a second PCRA on July 13, 2005. (Doc. 15-2, at 9-23.) The court of common pleas concluded that a timely petition had to be filed on or before June 25, 2005. (Doc. 15-2, at 47.) Because the second petition was not filed until July 13, 2005, the court dismissed it as untimely under 42 PA. CONS. STAT. ANN. § 9545(b)(1). (Id.) This conclusion was affirmed on appeal. (Doc. 15-2, at 83-90.) This second PCRA action did not extend the time for seeking federal habeas corpus relief because it was rejected by the state courts as untimely and, as such, is not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

Therefore, when the AEDPA one-year statute began running again on July 1, 2005, the date on which his motion to voluntarily dismiss his first PCRA petition was granted, it continued to run until it expired on or about February 10, 2006. He filed this federal petition on August 15, 2007.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASCUAL J. DEPENA-RONDON, | : | CIVIL ACTION NO. 3:08-CV-715 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| JOHN THOMAS, MR. SUPERINTENDENT, et al., | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 29th day of June, 2010, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Respondent's motion to dismiss the petition as moot (Doc. 36) is GRANTED and the petition is DISMISSED in its entirety.

2. Respondent's motion to dismiss the petition as untimely (Doc. 33) is DENIED as moot.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge